UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

-------------------------------------------------------- X

DIANA CHRISTEN,                        :          Civil Action No. 1:2010-CV-620
                                       :
                    Plaintiff,         :
                                       :
vs.                                    :
                                       :
IPARADIGMS, LLC,                       :
                    Defendant.         :
-------------------------------------------------------- X

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant iParadigms, LLC ("iParadigms") respectfully submits this memorandum of law in opposition to plaintiff's motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Exhibits A and B to iParadigms' Motion to Dismiss the Complaint ("Exhibits").

## PRELIMINARY STATEMENT

In its motion, plaintiff asks the Court to strike Exhibits A & B to iParadigms' Motion to Dismiss Plaintiff's Complaint under Rule 12(f) FRCP based on her claim that "the submission of the Exhibits is 'scandalous', and the Exhibits are 'immaterial and impertinent." As set forth more fully below, plaintiff's claim that the Exhibits are "immaterial and impertinent" is disingenuous because the papers are integral to the Complaint – indeed, plaintiff's claims rely on the archiving of these very papers and plaintiff seeks the destruction of these papers. Moreover, despite plaintiff's use of "scandalous" to parrot the 12(f) standard, it is simply implausible that there could be anything scandalous about plaintiff's own papers – and plaintiff has pointed to nothing about the papers that is scandalous. Instead, plaintiff attempts to argue that iParadigms has acted scandalously by submitting the papers which is both wholly

inaccurate (as evidenced by the communications between counsel discussed below) and irrelevant under the plain meaning of Rule 12(f).

Because plaintiff's only real complaint here is that the papers were somehow confidential – although it is clear on their face that the papers are not, plaintiff should have made a motion under Local Rule 5 for an order permitting these Exhibits to be filed under seal.[1] Despite being given every opportunity to do so, plaintiff failed to file for a protective motion. Accordingly, plaintiff's misplaced motion to strike should be summarily rejected.

## ARGUMENT

### A. **Standard**

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may, upon the motion of either party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir.2001) (citation omitted). Before granting a motion to strike, a court must find the allegations in question "both immaterial and prejudicial." GTSI Corp. v. Wildflower Int'l, Inc., No. 09-123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009). Under this standard, motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Id. (citation omitted).

---

[1] As set forth below in Point B, plaintiff likely did not make an appropriate motion under Local Rule 5 because there is nothing confidential about these papers. Incredibly, despite all of her claims of confidentiality, she has still failed to point to a single confidential piece of information about the papers, including in making the instant motion.

Here, of course, plaintiff recognizes that Rule 12(f) speaks only in terms of pleadings – which iParadigms' motion to dismiss is not – and so the Rule, on its face, does not apply. Nonetheless, as set forth below, even if the Rule applies to motions, because the papers are anything but "immaterial" to plaintiff's claims in this action and because there is nothing scandalous about the papers, plaintiff's motion should be denied.

B. **Plaintiff's Motion Must be Denied Because the Papers are Neither Immaterial nor Prejudicial.**

This Court should deny plaintiff's motion to strike because she has offered only blanket assertions in support of her argument that her papers are "immaterial" and "prejudicial." Contrary to plaintiff's bald repetition of the terms of Rule 12(f), there can be no dispute that the papers reflected in Exhibit A and B are anything but "immaterial" to plaintiff's claims. Each one of plaintiff's claims is based solely on the allegation that defendant is unlawfully retaining and using her papers. (Compl. ¶¶ 9, 12, 15.) Plaintiff cannot seriously contend that the papers she seeks to recover through this suit "have no possible relation or logical connection to the subject matter" of the case. GTSI Corp. v. Wildflower Int'l, Inc., No. 09-123, 2009 WL 2160451, at *4.

Plaintiff's claim of prejudice, consisting of the bare-bones statement that public access to the documents "may cause prejudice" (Mem. at 3), fares no better. Cf. United States v. Kennedy, No. 07-cr-131, 2007 WL 2156611, at *4 (E.D. Va. July 25, 2007) (under Criminal Rules of Civil Procedure, motion to strike denied where party offered only "a conclusory statement that [the allegedly offending statement] would be prejudicial"). If plaintiff believes that the disclosure of her papers to the public would cause her harm, she may move to have them filed under seal. Notably, she has not done so. See infra Part C.

Plaintiff appears to argue that the Exhibits should be struck because they are not properly subject to judicial notice. (See Mem. at 2-3.) Even if a motion to strike were the proper

3

recourse in such a situation (which it is not), plaintiff's motion should still be denied because the Exhibits clearly are properly before the Court. As cases in this Circuit make clear, a court may consider a document in ruling on a motion to dismiss if the document was (1) "integral to and explicitly relied upon in the complaint" and (2) if "the plaintiff's do not challenge its authenticity." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). That standard is clearly met here. The "manuscripts" that are attached as Exhibits A and B to defendant's motion to dismiss form the heart of plaintiff's claims, and plaintiff does not, in her motion, dispute that the Exhibits are complete and accurate copies of her papers. Thus, the Court may properly consider the papers in ruling on defendant's motion.

Contrary to the numerous cases cited by defendant in support of its motion to dismiss, plaintiff argues that only in securities fraud cases may a court consider documents that are not attached to the complaint (Mem. at 7). That may be the rule in the Eastern District of Michigan, the locus of the only case that plaintiff musters in support of that proposition, but it is decidedly not the law within the Fourth Circuit, which has repeatedly affirmed the Phillips rule as applied to a variety of civil claims. Tessler v. National Broadcasting Co., Inc., No. 09-1495, 2010 WL 408070, at *1 (4th Cir. Feb. 4, 2010) (copyright infringement); Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (civil rights); Amer. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (RICO). Moreover, where, as here, "'a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.'" Booker v. Dominion Virginia Power, 2010 WL 1848474 (E.D. Va. May 7, 2010).

4

Accordingly, the papers are properly before the Court, and plaintiff's motion to strike must be denied.

## C. **Plaintiff Should Have Filed A Motion For A Protective Order and Failed to Do So**

In desperation, plaintiff purports to twist the logical meaning of Rule 12(f) by focusing on whether iParadigms has acted scandalously – as opposed to focusing on the relevant inquiry, i.e. whether the information in the papers themselves is scandalous. Here, of course, plaintiff has failed to articulate anything scandalous about the papers – nor could she -- and for this reason, the motion can be denied.

Instead, and blatantly ignoring the record, plaintiff incorrectly argues that iParadigms' actions in submitting the papers was somehow scandalous. In fact, however, iParadigms made every effort to cooperate in good faith with plaintiff prior to filing the Exhibits. Specifically, after learning that iParadigms intended to file the Exhibits, plaintiff requested that iParadigms file the Exhibits under seal. In response, iParadigms attempted, in good faith, to ascertain what plaintiff claimed was confidential about the papers to determine if something short of filing under seal, e.g., redaction, was appropriate. iParadigms also advised plaintiff that Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia expressly provides that a party may not file under seal unless there is a sealing order. See Rule 5 ("(A) Unless otherwise provided by law or Court rule, no document may be filed under seal without an order entered by the Court.").

Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia also provides in relevant part as follows:

> (C) Any motion for a protective order providing prospectively for filing of documents under seal shall be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A confidential

memorandum for in camera review may also be submitted. The
non-confidential memorandum and the proposed order shall
include:

> (1) A non-confidential description of what is to be
> sealed;
> (2) A statement as to why sealing is necessary, and
> why another procedure will not suffice;
> (3) References to governing case law; and
> (4) Unless permanent sealing is sought, a statement
> as to the period of time the party seeks to have the
> matter maintained under seal and as to how the
> matter is to be handled upon unsealing.

The proposed order shall recite the findings required by governing
case law to support the proposed sealing.

In compliance with this Rule, iParadigms not only provided plaintiff with multiple

opportunities to highlight what about the Exhibits she believed was confidential, but iParadigms

also gave plaintiff a window prior to filing the Exhibits so that she could move for appropriate

protection under Local Rule 5.  Plaintiff simply refused to do either.

The email chain (truncated for the Court's convenience, but annexed hereto as Ex.

A) reflecting these communications provided as follows:

> ----- Original Message -----
> From: Bob Vanderhye <ravar@nixonvan.com>
> To: Justin E. Klein
> Sent: Thu Jun 10 16:37:42 2010
> Subject: RE: iParadigms
>
> Thanks much Justin.
>
> I noticed that there is no indication in what you sent - or in the
> descriptions provided in the Court's emails -- of Exhibits A & B actually
> being submitted to the court.  Were they submitted?  I hope not becauee
> we maintain they contain confidential information and it is not for
> iParadigms to determine if they do or not.  If they haven't been submitted
> and you intend to I ask that they be submitted under seal.
>
> From: Justin E. Klein [jklein@ssbb.com]
> Sent: Thursday, June 10, 2010 6:07 PM

To: Bob Vanderhye
Subject: Re: iParadigms

You're welcome. We actually inadvertently failed to attach the exhibits
and were about to correct it when I got your email. What is it about the
papers that is confidential?


-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Friday, June 11, 2010 12:01 AM
To: Justin E. Klein
Subject: RE: iParadigms


That is a fact matter to be determined later.  Right now it is an allegation
in our complaint.  You can proceed as you see fit, but I have told you my
position.

From: Justin E. Klein [jklein@ssbb.com]
To: Bob Vanderhye
Subject: RE: iParadigms

Bob, I understand that you think there is a fact question about whether
certain information may or may not be confidential, but I am asking you to
identify what it is that you think is potentially confidential so that we
could maybe redact as opposed to filing under seal.  Please let me know.
Thanks.

Justin E. Klein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY 10169
General Tel. (212) 818-9200
Direct Tel. (212) 404-8706
Fax (212) 818-9606
E-Mail: jklein@ssbb.com

-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Friday, June 11, 2010 11:33 AM
To: Justin E. Klein
Subject: RE: iParadigms

7

While I would like to cooperate, as you know there is no discovery prior to a motion to dismiss, and I decline to provide discovery at this stage. You need to decide how to proceed on your own without discovery from me. I hope you understand that it would be irresponsible for me to give you discovery while your motion is pending, and in fact I believe it would be a violation of my duty to my client. Sorry.

From: Justin E. Klein [jklein@ssbb.com]
Sent: Friday, June 11, 2010 11:58 AM
To: Bob Vanderhye
Subject: RE: iParadigms

Bob,

Under the Local Rules we can't just file exhibits under seal, i.e. we would need a Court order to do so. We have tried, in accordance with the Local Rules, to ascertain what you think is confidential about the papers and why sealing is necessary as opposed to say redaction. You will not provide any substantive response.

At this point, be advised that we will file the exhibits next Wednesday (and not under seal) unless, before then, you file an appropriate motion with the Court for a protective order that the exhibits be filed under seal.

Please let us know how you intend to proceed. Justin

-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Sunday, June 13, 2010 2:53 AM
To: Justin E. Klein
Subject: RE: iParadigms

You want Exhibits A & B, not me. I consider them not only irrelevant, but improper at this stage of the proceedings. You can get the protective order, just as you would before presenting any confidential document you wanted as an exhibit. No further discussion about this issue seems productive.

As is clear from the above email chain, plaintiff refused to comply with Local Rule 5, i.e. plaintiff failed to demonstrate what about the Exhibits is confidential, why something short of filing under seal would not suffice, and failed to move for a protective order despite

8

being advised to do so and given a window of time within which to do so.   Because there is nothing scandalous about the papers and iParadigms' actions are not scandalous, plaintiff's motion should be denied.

### D. <u>Family Educational Rights and Privacy Act (FERPA) Is Totally Irrelevant</u>

In her misguided attempt to demonstrate that iParadigms has acted "scandalously," plaintiff also argues that iParadigms has violated FERPA by submitting the Exhibits.   At the outset, plaintiff correctly acknowledges that she "cannot sue iParadigms for violation of FERPA [only the Department of Education can – <u>see</u> <u>Gonzaga University v. Doe</u>, 536 U.S. 273 (2002)]," but argues nonetheless "that does not mean that the Court should ignore iParadigms' violation of the law."   In fact, not only is plaintiff precluded from suing iParadigms under FERPA, but this Court is not the proper forum for any such dispute because the Secretary of the Department of Education ("DOE") is empowered to investigate violations of the statute and it is not for plaintiff (or this Court as plaintiff purports) to make a FERPA determination. See <u>e.g.</u>, <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 275 (2002) ("The conclusion that FERPA fails to confer enforceable rights is buttressed by the mechanism that Congress provided for enforcing FERPA violations . . .   [t]he Secretary is expressly authorized to 'deal with violations,' § 1232g(f), and required to establish a review board to investigate and adjudicate such violations, § 1232g(g)").

Accordingly, the Court should reject plaintiff's FERPA argument and deny the motion.

## **CONCLUSION**

For the foregoing reasons, iParadigms respectfully requests that the Court deny

plaintiff's motion to strike.

Dated:   New York, New York
         June 28, 2010

                                        STEPHEN R. PICKARD P.C.

                                        By:___/s/_____ ____
                                        Stephen R. Pickard
                                        VA Bar # 16374
                                        115 Oronoco Street
                                        Alexandria, VA  22314
                                        (703) 836-3505 (Phone)
                                        (703) 836-3558 (Fax)
                                        srpickard@aol.com

James F. Rittinger*
Justin E. Klein*
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169-0079
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606
*Of counsel*
**Pro hac vice* applications forthcoming
Attorneys for Defendant iParadigms, Inc.

Exhibit A

-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Sunday, June 13, 2010 2:53 AM
To: Justin E. Klein
Subject: RE: iParadigms


You want Exhibits A & B, not me.  I consider them not only irrelevant,
but improper at this stage of the proceedings.  You can get the
protective order, just as you would before presenting any confidential
document you wanted as an exhibit.  No further discussion about this
issue seems productive. _____

From: Justin E. Klein [jklein@ssbb.com]
Sent: Friday, June 11, 2010 11:58 AM
To: Bob Vanderhye
Subject: RE: iParadigms

Bob,

Under the Local Rules we can't just file exhibits under seal, i.e. we
would need a Court order to do so.  We have tried, in accordance with
the Local Rules, to ascertain what you think is confidential about the
papers and why sealing is necessary as opposed to say redaction.  You
will not provide any substantive response.

At this point, be advised that we will file the exhibits next Wednesday
(and not under seal) unless, before then, you file an appropriate
motion with the Court for a protective order that the exhibits be filed
under seal.

Please let us know how you intend to proceed.   Justin

Justin E. Klein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY 10169
General Tel. (212) 818-9200
Direct Tel. (212) 404-8706
Fax (212) 818-9606
E-Mail: jklein@ssbb.com



-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Friday, June 11, 2010 11:33 AM
To: Justin E. Klein
Subject: RE: iParadigms


While I would like to cooperate, as you know there is no discovery
prior to a motion to dismiss, and I decline to provide discovery at
this stage.  You need to decide how to proceed on your own without
discovery from me.  I hope you understand that it would be
irresponsible for me to give you discovery while your motion is

pending, and in fact I believe it would be a violation of my duty to my client. Sorry. _____

From: Justin E. Klein [jklein@ssbb.com]
To: Bob Vanderhye
Subject: RE: iParadigms

Bob, I understand that you think there is a fact question about whether certain information may or may not be confidential, but I am asking you to identify what it is that you think is potentially confidential so that we could maybe redact as opposed to filing under seal.  Please let me know.  Thanks.

Justin E. Klein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY 10169
General Tel. (212) 818-9200
Direct Tel. (212) 404-8706
Fax (212) 818-9606
E-Mail: jklein@ssbb.com

-----Original Message-----
From: Bob Vanderhye [mailto:ravar@nixonvan.com]
Sent: Friday, June 11, 2010 12:01 AM
To: Justin E. Klein
Subject: RE: iParadigms


That is a fact matter to be determined later.  Right now it is an allegation in our complaint.  You can proceed as you see fit, but I have told you my position. _____

From: Justin E. Klein [jklein@ssbb.com]
Sent: Thursday, June 10, 2010 6:07 PM
To: Bob Vanderhye
Subject: Re: iParadigms

You're welcome. We actually inadvertently failed to attach the exhibits and were about to correct it when I got your email. What is it about the papers that is confidential?

Justin E. Klein
Satterlee Stephens Burke & Burke
230 Park Avenue, Suite 1130
New York, NY 10169
General Tel. (212) 818-9200
Direct Tel. (212) 404-8706
Fax (212) 818-9606
E-Mail: jklein@ssbb.com

Sent from my wireless device

----- Original Message -----
From: Bob Vanderhye <ravar@nixonvan.com>
To: Justin E. Klein
Sent: Thu Jun 10 16:37:42 2010

Subject: RE: iParadigms

Thanks much Justin.

I noticed that there is no indication in what you sent - or in the
descriptions provided in the Court's emails -- of Exhibits A & B
actually being submitted to the court.  Were they submitted?  I hope
not becauee we maintain they contain confidential information and it is
not for iParadigms to determine if they do or not.  If they haven't
been submitted and you intend to I ask that they be submitted under
seal. _____

From: Justin E. Klein [jklein@ssbb.com]
Sent: Thursday, June 10, 2010 3:06 PM
To: Bob Vanderhye
Subject: Fw: iParadigms

Bob, as you requested email copy of the papers. Justin

Justin E. Klein
Satterlee Stephens Burke & Burke
230 Park Avenue, Suite 1130
New York, NY 10169
General Tel. (212) 818-9200
Direct Tel. (212) 404-8706
Fax (212) 818-9606
E-Mail: jklein@ssbb.com

Sent from my wireless device

_____

From: Balbina De Los Santos
To: Justin E. Klein
Sent: Thu Jun 10 12:46:34 2010
Subject: iParadigms

<<MOL.pdf>> <<Motion to Dismiss.pdf>> <<Notice.pdf>>

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Vanderhye, Esq.
801 Ridge Drive
McLean, VA 22101-1625
ravar@nixonvan.com

By:____/s/_____
Stephen R. Pickard, Esq.
Stephen R. Pickard P.C.
VA Bar # 16374
115 Oronoco Street
Alexandria, VA  22314
(703) 836-3505
(703) 836-3558 (Fax)
srpickard@aol.com
Attorney for Defendant