UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| Diana Christen,   )   | |
|     Plaintiff   ) | |
| ) | |
| vs.   ) | Civil Action No. 1:2010-CV-620 |
| ) | |
| iParadigms LLC,   ) | |
|     Defendant   ) | |

PLAINTIFF'S REBUTTAL TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS A & B FILED JUNE 14, 2010

Plaintiff Diana Christen ("Christen") hereby files her rebuttal to defendant iParadigm LLC's ("iParadigm") opposition to Christen's motion to strike defendant's Exhibits A & B submitted June 14, 2010. Since the parties have waived oral argument, as indicated by the waiver filed June 24, 2010, Christen's motion to strike is ripe for decision by the Court and Christen asks the Court to act promptly so that Exhibits A & B remain in the Court's public file as little time as possible.

I.  iParadigms Has Acted in Bad Faith

Despite iParadigm's allegation that it attempted to proceed in good faith in submitting Exhibits A & B, in fact it did not. Although iParadigms knew from the Complaint that what was ultimately submitted as Exhibits A & B was considered by Christen to contain personal and confidential information, iParadigms unilaterally intended to submit the documents. The only reason it did not submit them with the original motion to dismiss entered by the Court June 10 was because "We actually

1

inadvertently failed to attach the exhibits…"[1]  The *ex post facto* alleged attempt to cooperate was thus bogus.

Further rather than actually cooperating by submitting the Exhibits under seal – as it could have under Local Rule 5 – it ignored that option and intentionally made the documents public.  Christen was under no obligation to file a motion under Local Rule 5 because Christen was not the one submitting the documents.  Christen has consistently maintained that not only are the documents inappropriate for consideration by this Court in this proceeding, but that they can only be properly substantively evaluated by the Fairfax County Circuit Court after remand.  To attempt to obtain a protective order Christen would have to admit that the documents were properly before this Court which would have been against Christen's interest, and untrue.

Still further, iParadigms knew that it was not only confidential information that was important, but personal information specifically prohibited from public disclosure by 20 U.S.C. § 1232(g) (FERPA) and 34 CFR § 99.3.  iParadigms tacitly admits – as it must because it is clearly true – that Exhibits A & B contain personal information prohibited from disclosure by 20 U.S.C. § 1232(g) and 34 CFR § 99.3.  Whether only the Secretary of Education can actually sue to enforce 20 U.S.C. § 1232(g) and 34 CFR § 99.3 is totally irrelevant to whether iParadigms was proceeding in good faith in submitting the documents in the public file.  It admittedly was doing something specifically contrary to Federal Law, and that is the opposite of good faith.

Thus it is clear that iParadigms' submission of Exhibits A & B was in bad faith.

---

[1] June 10, 2010 6:07 p. m. email from iParadigms' counsel to Christen's counsel.

## II.  The Law is Clear that Exhibits A & B Cannot Be Considered By The Court

The standard of what can be considered by the court in a motion under 12(b)(6) is not properly set forth by iParadigms.  Both the published decisions of *Waller v. Daimler Chrysler Corp.*, 391 F.Supp.2d 594, 598 (E.D. Mich., 2005) and *Morris v. Wachovia Securities*, 277 F.Supp.2d 622, 629 (E.D. Va., 2003), cited by Christen in her motion to strike, set forth the correct standard.  Contrary to what is alleged by iParadigms twice in its opposition it is not *Waller* which discusses the securities fraud exception, but *Morris*, an Eastern District of Virginia case.

iParadigms' quotations from the unpublished decision in *GTSI v Wildflower*[2] are taken out of context.  There the Court was considering only the "immaterial" element of Rule 12(f) as it related to a counterclaim, and it is only in that context that it required the allegations to be "both immaterial and prejudicial".  In no way did it contradict the settled law set forth in *Waller* and *Morris*, and in fact the Court in the quoted portion of *GTSI* was not even considering the standard of what can be considered in evaluating a motion to dismiss.  However, even applying just the out-of-context iParadigms quote from *GTSI* Christen is entitled to prevail, as already demonstrated on page 3 of Christen's initial memorandum citing 5A Wright & Miller, *Federal Practice and Procedure* §1382 (2d ed.1990).  Exhibits A & B are "immaterial" because they are documents that cannot legally be considered by the Court in a motion to dismiss, and their public disclosure is "prejudicial" as determined by the Federal Government because their public disclosure violates 20 U.S.C. § 1232(g), and reveals confidential information to the public at large.

---

[2] Document 45 in Civil Action 1:09cv123 dated July 17, 2009 in which the Court refused to grant a motion to dismiss.

iParadigms attempts to show that the law is different than in *Waller* and *Morris* by citing *Tessler v National Broadcasting*, an unpublished, 2010 decision of the 4th Circuit with no value as precedent, *Blankenship v Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006), and *American Chiropractic Ass'n., Inc. v Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). However, none of these cases supports iParadigms. In each case the information considered by the Court was publicly available information that the Court could take judicial notice of, just like the "other information that was publicly available" referenced in *Morris*. Neither of Exhibits A & B here are publicly available, nor could the Court take judicial notice of anything therein since an evaluation of the confidentiality thereof would be a fact issue for the Fairfax County Circuit Court on remand.

Specifically, even if *Tessler* were precedent, which it is not, what the Court took notice of there was something publicly available on a website, msnbc.com. In *Blankenship* the Court took notice of an article published in the Charleston Gazette newspaper. In *American Chiropractic* the Court took notice of a publicly available Trigon Professional Provider Agreement. None of these cases have any relevance to Exhibits A & B in this case, nor contradict the general law that in considering a motion to dismiss the Court cannot consider anything unless it is in or attached to the Complaint, or is publicly available.

Thus, under the proper 12(f) standard, or the Court's inherent power, Exhibits A & B should be stricken.

<u>III  iParadigms' Assumption That Exhibits A & B Are Admittedly Accurate Is Wrong</u>

On page 4 of its opposition, iParadigms assumes that there is no dispute as to whether Exhibits A & B are complete and accurate copies of what was misappropriated by iParadigms. That is wrong. Christen did not argue correctness or incorrectness in the motion to strike because whether what iParadigms has submitted as Exhibits A & B are accurate and complete copies of what was misappropriated by iParadigms is irrelevant since the documents cannot be considered in any event.

However, based upon the information presently available to Christen, it appears that Exhibits A & B are NOT complete copies of what was misappropriated by iParadigms. Rather it appears that there was additional information that was included with what was misappropriated by iParadigms that is not in Exhibits A & B. Only full discovery in the Fairfax County Circuit Court will determine this for sure because Christen herself never submitted to iParadigms. However, in view of the information presently available to her, Christen categorically denies that Exhibits A & B are complete copies of what was misappropriated by iParadigms.

<u>IV  iParadigms' Perfunctory Treatment of FERPA Misses the Point</u>

Despite tacitly admitting on page 9 of its opposition that it violated FERPA by making Exhibits A & B[3] public because they clearly contain *personally identifiable information* (including Christen's name) contained in education records, iParadigms says the Court should ignore that. However, the violation of FERPA's provisions specifically designed to protect the type of blatant disregard for a student's rights that iParadigms is practicing here cannot merely be ignored just because Christen has no right herself to sue.

---

[3] Even in their present form which are not the complete education records.

iParadigms' blatant violation of FERPA is certainly at least "scandalous" as that term is commonly defined, namely "disgraceful; shameful or shocking; improper"[4]. Therefore it is highly relevant to whether Exhibits A & B should be stricken from the public record, whether under 12(f) or the Court's inherent power as in *Key v. Robertson*, 626 F.Supp.2d 566, 586 (E.D. Va., 2009) and *Simmons v. Al Smith Buick Co.,* 841 F.Supp. 168, 170 (E.D.N.C.1993).

V  Conclusion

In conclusion, Christen asks the Court to promptly strike Exhibits A & B from the Court files, under F. R. Civ. P. 12(f), or the Court's inherent power, since the submission of the Exhibits is "scandalous", and the Exhibits are "immaterial and impertinent".


Respectfully submitted

_____//s//_____
Robert A. Vanderhye
VA Bar # 13523
Attorney for plaintiff Diana Christen
Robert A. Vanderhye
801 Ridge Drive
McLean, VA  22101-1625
703-442-0422 (phone) or 518-656-3287
703-790-1070 (fax)
ravar@nixonvan.com

---

[4] Defined on page 5 of Christen's motion and not disputed by iParadigms.

Certificate of Service

   I hereby certify that on the 29th date of June, 2010, I will file the foregoing electronically with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to:

Stephen R. Pickard
115 Oronoco St.
Alexandria, VA 22314
srpickard@aol.com

By:_____//s//_____
Robert A. Vanderhye
VA Bar # 13523
Attorney for plaintiff Diana Christen
Robert A. Vanderhye
801 Ridge Drive
McLean, VA  22101-1625
703-442-0422 (phone) or 518-656-3287
703-790-1070 (fax)
ravar@nixonvan.com