UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

---------------------------------------------------------X
DIANA CHRISTEN,                             :       Civil Action No. 1:2010-CV-620
                                            :
              Plaintiff,               :
                                            :
vs.                                         :
                                            :
IPARADIGMS, LLC,                            :
              Defendant.               :
---------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Defendant iParadigms, LLC ("defendant") respectfully submits this memorandum of law in opposition to plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c).

### PRELIMINARY STATEMENT

As plaintiff apparently concedes, and as explained further below, federal courts have jurisdiction over any action that asserts a state-law claim that is preempted by the Copyright Act. The only question presented by plaintiff's motion to remand, therefore, is whether any of plaintiff's claims is preempted. As explained at length in defendant's opening and rebuttal briefs in support of its motion to dismiss, each of plaintiff's claims is preempted. Removal to this Court was therefore proper, and plaintiff's motion to remand must be denied.[1]

---

[1] Defendant's arguments in favor of preemption are fully set forth in its opening brief and rebuttal brief in support of its motion to dismiss. To avoid unnecessary repetition, defendant will not repeat those arguments here but instead incorporates into this brief the relevant portions of its prior memoranda. (See Mem. in Supp. of Mot. to Dismiss (Docket No. 5) pp. 1-10; Rebuttal Mem. (Docket No. 13) pp. 1-13.)

## ARGUMENT

### A. Removal to this Court was Proper.

An action containing claims that arise under federal law may be removed to federal court. See 28 U.S.C. 1441(a); 28 U.S.C. § 1331. A state-law claim may "arise under" federal law if the claim is subject to a "pre-emptive force" that "converts" the state-law cause of action to a federal claim. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 231 (4th Cir. 1993) (citation omitted).

As Rosciszewski held, the text and structure of the Copyright Act "compel[] the conclusion that Congress intended that state-law actions preempted by § 301 [of the Act] arise under federal law." Id. at 232. If an action asserts a state-law claim that is preempted by the Copyright Act, therefore, the action may be removed to federal court. Id. at 233; College of Charleston Found. v. Ham, 585 F. Supp. 2d 737, 742-749 (D.S.C. 2008) (denying motion to remand where claim was preempted by the Copyright Act); Wharton v. Columbia Pictures Indus., Inc., 907 F. Supp. 144, 146 (D. Md. 1995) (same).

If any claim is preempted, the Court may exercise jurisdiction over the entire action. See 28 U.S.C. 1441(c) (authorizing a district court to retain jurisdiction over non-removable claims if any claim is removable); Rosciszewski, 1 F.3d at 228, 233 (holding that the district court had jurisdiction over an action that asserted one preempted claim and six other state-law claims); College of Charleston Foundation, 907 F. Supp. 2d at 749 (holding that the court had jurisdiction over entire action based on preemption of one claim). The only question presented by plaintiff's motion to remand, therefore, is whether any of plaintiff's claims is preempted.

Plaintiff does not dispute that removal was appropriate if any of her claims is preempted, arguing only that her claims are not, in fact, preempted. As explained by defendant in its briefs in support of its motion to dismiss, however, each of plaintiff's claims seeks to assert rights that are the exclusive province of the Copyright Act and therefore each claim is preempted. Because plaintiff's arguments in favor of remand are identical to her arguments in opposition to defendant's motion to dismiss, defendant respectfully refers the Court to the relevant portions of its prior memoranda. (See Mem. in Supp. of Mot. to Dismiss pp. 1-10; Rebuttal Mem. pp. 1-13.) As those memoranda show, each of plaintiff's claims is preempted. Removal is therefore proper under Rosciszewski, and therefore plaintiff's motion to remand must be denied.[2]

### B. Plaintiff Is Not Entitled to Attorneys' Fees.

Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447(c), which provides that a court may, upon remanding an action to state court, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Even if remand were warranted here (which it is not, for the reasons stated above), plaintiff's request should be denied because she has not come close to demonstrating entitlement to a fee award.

Binding precedent -- which plaintiff fails to cite -- holds that an award of attorneys' fees under section 1447(c) may be granted "only where the removing party lacked an objectively reasonable basis" for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141

---

[2] In the event that the Court holds that plaintiff's Complaint contains both preempted and non-preempted claims, defendant requests that the Court retain jurisdiction over the entire action, even if plaintiff elects not to pursue her preempted claims as copyright infringement claims. See, e.g., Rosciszewski, 1 F.3d at 229 n.3 (noting that non-preempted claims were properly removed to the district court); College of Charleston Found., 585 F. Supp. 2d at 749 (retaining jurisdiction over non-preempted claims). This course of action is especially appropriate here given (1) the Court's familiarity with the Turnitin system on which plaintiff's entire suit is based and (2) plaintiff's intention to pursue claims under Florida law, a subject on which the Virginia state courts claim no special knowledge or expertise.

3

(2005). Plaintiff does not even attempt to argue that defendant's removal was "objectively unreasonable," nor could she, in light of (1) undisputed law holding that preemption by the Copyright Act provides a valid basis for removal and (2) the overwhelming evidence that plaintiff's claims are preempted, including a flood of courts that have held that the Copyright Act preempts conversion and unjust enrichment claims. (See Mem. in Support of Mot. to Dismiss at 6-7, 9-10; Rebuttal Mem. at 6-7, 12.) Compare Utrue v. Page One Science, Inc., 457 F. Supp. 2d 688, 690 (E.D. Va. 2006) (suggesting that fees might be appropriate where defendant sought removal based on its counterclaims) with Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 787, 792 n.17 (E.D. Va. 2007) (declining to award attorneys' fees where defendant improperly removed the action on the basis of "complete preemption").

Moreover, plaintiff fails to note that courts within the Eastern District of Virginia generally decline to award attorneys' fees under section 1447(c) unless (1) it was "patently obvious" that federal jurisdiction was lacking or (2) "the notice of removal was filed in bad faith." Reid v. The Wailers, 606 F. Supp. 2d 627, 632 (E.D. Va. 2009) (citing multiple cases from within this district). Because plaintiff has not made, much less substantiated, any such allegations, her request for attorneys' fees should be denied.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's motion to remand.

Dated:   New York, New York
         July 2, 2010

                                        STEPHEN R. PICKARD P.C.

                                        By:___/s/_____
                                        Stephen R. Pickard
                                        VA Bar # 16374
                                        115 Oronoco Street
                                        Alexandria, VA  22314
                                        (703) 836-3505 (Phone)
                                        (703) 836-3558 (Fax)
                                        srpickard@aol.com


James F. Rittinger*
Justin E. Klein*
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169-0079
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606
*Of counsel*
*Pro hac vice* applications forthcoming
Attorneys for Defendant iParadigms, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Vanderhye, Esq.
801 Ridge Drive
McLean, VA 22101-1625
ravar@nixonvan.com

By:___/s/_____
Stephen R. Pickard, Esq.
Stephen R. Pickard P.C.
VA Bar # 16374
115 Oronoco Street
Alexandria, VA  22314
(703) 836-3505
(703) 836-3558 (Fax)
srpickard@aol.com
Attorney for Defendant