UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| Diana Christen,       ) | |
|     Plaintiff       ) | |
| )  | |
| vs.       ) | Civil Action No. 1:2010-CV-620 |
| ) | |
| iParadigms LLC,       ) | |
|     Defendant       ) | |

PLAINTIFF'S REBUTTAL TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION UNDER 28 USC §1447(c) TO REMAND TO STATE COURT

Defendant iParadigm, LLC's ("iParadigm") opposition to plaintiff Diana Christen's ("Christen") motion to remand ignores the heavy burden to remove imposed upon it under 28 USC §1447(c) and the relevant case law, including that all doubts are to be resolved in favor of remand.  iParadigm's opposition incorporates by reference its rebuttal brief in favor of its motion to dismiss, but the only point it specifically argues in the remand opposition is whether attorney fees and costs are appropriate under 28 USC § 1447(c), not its burden.  As will be demonstrated below, remand is necessary and removal by iParadigms had no objectively reasonable basis.

I.  Since Florida Law Clearly Applies the Replevin Action Must be Remanded

iParadigms makes only two, unreasonable, arguments with respect to replevin. 1) Replevin isn't recognized under Virginia law which should apply instead of Florida law, and 2) return of a physical object is not requested.

The argument that Virginia substantive law applies borders on frivolous.  The only basis for this argument is the jurisdictional allegations in the Complaint.  Of course

jurisdiction has no relevance to substance. The fact that iParadigms' contacts with Virginia are so pervasive that there is general jurisdiction by Virginia state courts has nothing to do with what substantive law applies. The ONLY state whose law is applicable under Virginia's conflict of laws provisions is Florida.

As all of the cases cited by Christen on pages 9 & 10 of her remand brief make clear, under Virginia's conflict laws "the place of the wrong" is the primary, usually determining, factor in deciding what law applies. For example, in *Jones v R. S. Jones and Associates, Inc.*, 246 Va. 3, 5, 431 S.E.2d 33, 34 (1993) a plane crashed in Florida resulting in a wrongful death action. The fact that jurisdiction over the defendant existed in Virginia was irrelevant. The Court held: "In other words, in this case, we apply the substantive law of Florida, the place of the wrong, and the procedural law of Virginia."

Here the wrong was the taking of Christen's manuscripts in Florida without her permission (Complaint ¶4), and it is to Florida the manuscripts must be "returned to her" (Complaint ¶10) because that is where she resides. Virginia substantive law is irrelevant. Factual allegations for a Florida replevin action are clearly present (Complaint ¶s 5, 6) and this Court has no jurisdiction over a replevin action.

iParadigms' allegations of preemption of the replevin action is also unreasonable because there is no reported decision of any Court holding replevin preempted by the Copyright Act. The only reported authority is that there is no preemption. *E. g. see Video Pipeline, Inc. v. Buena Vista*, 210 F.Supp.2d 552, 568, 569 (D.N.J., 2002).

iParadigms also argues that there is no "physical object" to be returned. In making this argument it completely ignores *Combined Ins. Co. v Wiest*, 578 F. Supp. 2d 822, 835 (W D Va., 2008) which holds that whether something is an electronic or paper

version makes no difference for application of conversion (which has the same "object" requirement as replevin), and NIMMER, §1.01[B][1][i], which is to the same effect. iParadigms also only superficially addresses[1] *Internet Archive v. Shell*, 505 F. Supp.2d 755, 763, 764 (D. Colo., 2007), failing to confront a relevant part of that decision – that the electronic archiving of a website at a particular point in time fulfills the "object" requirement of conversion (and thus replevin).  Here, as in all of *Wiest,* NIMMER, and *Internet Archive*, the intellectual property rights of the manuscripts are irrelevant; it is the manuscripts themselves, in whatever form, that must be returned.

## II.  Attorney Fees & Costs Under §1447(c) Are Clearly Warranted

Under the very law cited on pages 3 & 4 of iParadigms' opposition to remand brief, an award of attorney fees and costs under 28 U. S. C. §1447(c) is clearly warranted. iParadigms lacked any "objectively reasonable"[2] basis for removal of the replevin action. Its "Virginia substantive law applies" and "physical object" arguments border on frivolous, and its failure to cite even one case holding a replevin action preempted manifests unreasonableness.

To the extent iParadigms reads *Reid v The Wailers*, 606 F. Supp. 2d 627 (E. D. Va. 2009) to require a "bad faith" finding in order for there to be an award under §1447(c), iParadigms' reading is incorrect.  Not only do the cases cited in Christen's brief make it clear that no requirement of "bad faith" exists, the Fourth Circuit says the same thing.  *See In re Lowe*, 102 F.3d 731, 733, n. 2 (4th Cir., 1996) "bad faith is not a prerequisite to an award of attorney's fees under § 1447(c)".

---

[1] In footnote 3 of its rebuttal memorandum re the motion to dismiss.
[2] *Martin v Franklin Capital*, 546 U S 132, 136 (2005).

### III.  The Unjust Enrichment Cause of Action is Not Preempted

On page 8 of its rebuttal brief for the motion to dismiss (incorporated by reference in its opposition to remand brief), iParadigms accuses Christen's counsel of making a "startling", "frivolous" argument that "retention and [non-public] commercial use" are not among the rights protected by the Copyright Act.  iParadigms alleges that *A.V. v. iParadigms, LLC.*, 544 F.Supp.2d 473, 478 (E.D. Va., 2008) supports its position, purportedly showing that retention and commercial use were all that was challenged in *A. V.*  In fact, *A. V.*, either on page 478 or at any other place, doesn't support iParadigms'.

In *A. V.* the plaintiffs were arguing that the use of their works by iParadigms was a publication, citing the fact that the Copyright Office had issued one registration to K. W. as a published work on the basis of iParadigms' in-house use of the work before the copyright application was filed.  The plaintiffs in *A. V.* also argued that the court should consider the possibility that others could obtain the works as a publication.  The Court never accepted those arguments.  Therefore there is nothing about *A. V.* that supports iParadigms' "startling" and "frivolous" assertions.  The fact that iParadigms did not have the wherewithal to argue that in view of the Court's failure to accept the plaintiffs' "publication" arguments its acts were not encompassed by the Copyright Act is irrelevant to this proceeding.  Also irrelevant is the fact that the plaintiffs there and here are represented by the same counsel.

Also, the only case specifically on point that Christen's undersigned counsel has located holds that "retention" is entirely different than the rights protected by 17 USC §106.  *See Video Pipeline, supra*, 210 F.Supp.2d at 569:

> "To the extent that BVHE seeks the return of such items and alleges that plaintiff continues to <u>wrongly hold</u> such items, <u>the rights it asserts</u> under its state law

conversion and replevin claims <u>are not equivalent</u> to those protected by the federal copyright laws, which govern the <u>reproduction, performance, distribution, and display of copyrighted works</u>. Accordingly, defendant's state law conversion and replevin claims are <u>not preempted</u>, and plaintiff Video Pipeline's motion to dismiss will be denied on this ground." (emphasis added)

Still further, since Christen's remand brief (pages 14 & 15) pointing out that the words "retention and non-public commercial use" cannot properly be read into 17 USC §106, the Supreme Court has reaffirmed that rule of statutory construction. In *Bilski v Kappos*, 561 U. S. ____ (June 28, 2010), a patent case, the Court held[3]:

> "'courts should not read into the patent laws limitations and conditions which the legislature has not expressed'…In patent law, as in all statutory constructions, 'unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.'"

Here, there is no way that the common meanings of any of the six enumerated elements of 17 USC §106 (listed on pages 14 & 15 of Christen's brief) can be interpreted to cover simple retention and non-public use. Therefore there can be no preemption. *Data General v. Grumman System*, 36 F.3d 1147, 1164 (1st Cir, 1994); *United States ex rel. Berge v. Univ. of Ala.,* 104 F.3d 1453, 1463 (4th Cir.), *cert. denied,* 522 U.S. 916 (1997).

iParadigms also belittles Christen's citation of five cases, and related argument that each case needs to be evaluated on its specifics, that show unjust enrichment preemption is not a given. This belittling is ironic for two reasons. 1) iParadigms tacitly admits that two of the cases are directly on point, but should merely be ignored, and 2) the case primarily relied upon by iParadigms in making its preemption argument recognized that some unjust enrichment claims may survive preemption even under Virginia law. *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F.Supp.2d 533, 537-538 (E.D.

---

[3] In Section B1, first paragraph; page 6 as it appears on the Supreme Court's website.

Va., 2005). The Court cannot blindly follow a supposed majority rule that unjust enrichment claims are preempted because there are numerous exceptions, including here.

iParadigms also argues that it is irrelevant that Christen is not seeking the specific types of damages allowed by the Copyright Act in her Complaint. However the type of damages requested is relevant. Her requests for "intrinsic value" damages (satisfying the replevin cause under Florida law) and punitive damages are qualitatively different types of damages from those allowed under the Copyright Act (such as statutory damages), and clearly support Christen's position that not only this unjust enrichment cause, but the replevin and conversion causes, are qualitatively different. Many courts have held that "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act…", including *Oklahoma Nat. Gas Co. v. LaRue*, 156 F.3d 1244, 1998 WL 568321, at *11 (10th Cir., 1993) and *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), cert. denied, 381 U.S. 915 (1965). Thus Christen's request for a different type of damages (remedy) than provided for by the Act is one of many factors indicating qualitative differences between her state law claims and the Act so that there is no preemption.

The unjust enrichment cause is clearly not preempted.

### IV.  The Conversion Cause of Action is Not Preempted

The entire essence of iParadigms' argument specifically with respect to the conversion cause of action appears to be that there is no qualitative difference between Copyright law and Florida's law of conversion even though Florida law has the extra elements that a <u>demand</u> has been made for return of the converted property, and that the demand was <u>refused</u>. The problem with this argument is that these clearly are

qualitatively different elements having nothing to do with the Copyright Act since the Copyright Act relates only to intellectual property, and intellectual property forms no basis for the conversion claim here.

There is only one case where this specific issue was considered, *Internet Archive v. Shell*, *supra*[4]. In iParadigms' superficial analysis of that case[5] it would have one believe that physical deprivation was the essence of the case. This is grossly erroneous. *Internet Archive* specifically and unequivocally held that demand and refusal were elements that make a conversion claim qualitatively different from a copyright infringement claim (505 F. Supp. 763, 764):

> "As discussed above, a claim for conversion requires actual dominion over the property of another, a demand by the owner for return of the property, and refusal of the demand by the other party. Without question, these elements are not present in a claim for copyright infringement. Accordingly, the Copyright Act would not preempt a properly pled claim for conversion. This conclusion is reinforced by *Ehat,* where the Tenth Circuit observed that the Copyright Act preempted plaintiff's claim because the plaintiff did not "allege a state law claim of conversion to recover for physical deprivation" of his property, but only "sought to recover for damage flowing from (the) reproduction and distribution" of the property. *Ehat,* 780 F.2d at 878. The fact that conversion is not preempted is of little help to Shell, however, because she has not pled the elements of conversion. Accordingly, her claim for conversion fails." (emphasis added)

The only difference between this case and *Internet Archive* is that here Christen has pled the demand and refusal provisions of the Florida law of conversion (Complaint ¶5). Thus, there is no preemption of the conversion cause here.

---

[4] Cited with approval within the 4th circuit in *Costar Realty Information, Inc. v. Field*, 612 F.Supp.2d 660, 677 (D. Md., 2009), albeit on a different point of law.
[5] Footnote 3 in its rebuttal regarding the motion to dismiss.

V. Conclusion

The burden of establishing removal jurisdiction under 28 U.S.C. §1446(a) rests with the party seeking removal. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). Any doubts as to the propriety of the removal are to be resolved in favor of remand to state court – the relief requested by Christen. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L.Ed. 1214 (1941); *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004); *Barbour v. International Union*, 594 F.3d 315, 326-327 (4th Cir. 2010). iParadigms has not even come close to meeting its burden, but instead its presentation lacks any "objectively reasonable" basis for removal. Therefore the Motion to Remand to state court should be granted, and costs and attorney fees awarded to Christen.

Respectfully submitted

_____//s//_____
Robert A. Vanderhye
VA Bar # 13523
Attorney for plaintiff Diana Christen
Robert A. Vanderhye
801 Ridge Drive
McLean, VA 22101-1625
703-442-0422 (phone) or 518-656-3287
703-790-1070 (fax)
ravar@nixonvan.com

<u>Certificate of Service</u>

I hereby certify that on the 8th date of July, 2010, I will file the foregoing electronically with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to:

Stephen R. Pickard
115 Oronoco St.
Alexandria, VA 22314
srpickard@aol.com

By:_____//s//_____
Robert A. Vanderhye
VA Bar # 13523
Attorney for plaintiff Diana Christen
Robert A. Vanderhye
801 Ridge Drive
McLean, VA  22101-1625
703-442-0422 (phone) or 518-656-3287
703-790-1070 (fax)
ravar@nixonvan.com