IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DIANA CHRISTEN,                    )
                                   )
            Plaintiff,             )
                                   )
V.                                 )    Civil Action 1:10cv620
                                   )
IPARADIGMS, LLC,                   )
                                   )
            Defendant.             )
                                   )

## MEMORANUDM OPINION

This case is before the Court on Defendant's Motion To Dismiss, Plaintiff's Motion To Remand and Plaintiff's Motion To Strike.

iParadigms owns and operates Turnitin, an online technology system used by educational institutions to evaluate the originality of written works in order to prevent plagiarism. Works may be uploaded to Turnitin by instructors or by students themselves. After a copy of the work is electronically uploaded to Turnitin, the system compares the work electronically to content available on the internet, student works previously submitted to Turnitin and commercial databases of journal articles and periodicals. Turnitin then produced an Originality

Report which provides a percentage of the work that appears not to be original.

Schools that participate in the Turnitin system may choose to archive student works, which then become part of the database used by Turnitin to evaluate the originality of other students' works in the future. If this option is selected the archived work is then stored as digital code.

According to the Complaint, Plaintiff was a graduate student at the University of Central Florida who allegedly learned that two of her papers were submitted into the Turnitin System by her instructor.

Plaintiff alleges that she has never consented to iParadigms' commercial use of her manuscripts, nor to the use or retention in its databases of name, other personal information, and confidential information contained in the manuscripts that she believed, and had every right to believe, would not be shared with others by her professor, and certainly would not be placed in a commercial database accessible via computer by millions of people worldwide.

Plaintiff alleges that through its use of her papers, iParadigms has "unlawfully detained" Plaintiff's property.  She

-2-

asserts claims for replevin (Count I), conversion (Count II), and unjust enrichment (Count III).

In the spring of 2007, Plaintiff's counsel, on behalf of four (4) high school students, filed suit in this Court for copyright infringement based upon the archiving of papers in the Turnitin System. Approximately one-year later, in March 2008, this Court granted summary judgment dismissing Plaintiff's copyright claim holding that the only act of copyright infringement alleged by Plaintiff - the digital archiving of their student papers - constituted fair use under 17 U.S.C. § 107.

Plaintiff's counsel, both as next friend and as counsel to the four high school students, appealed to the United States Court of Appeals for the Fourth Circuit. In April 2009, the Fourth Circuit issued a unanimous, published decision affirming this Court's decision on all four fair use factors.  See A.V. ex. rel. Vanderhye v. iParadigms, LLC, 562 F.3d at 630 (4th Cir. 2009).

Congress has specifically preempted all state-law rights that are equivalent to those protected under federal copyright law.  See 17 U.S.C. § 301(a).  For preemption to apply, a two-prong test must be met: (1) the work must be "within the scope of the subject-matter of copyright as specified in 17 U.S.C. §§

102, 103"; and (2) the "rights granted under state law must be equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." United States ex rel. Berge v. Board of Trs. of the Univ. of Ala., 104 F.3d 1453, 1463 (4th Cir.1997) (internal quotation marks omitted); Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 351 F. Supp. 2d 436, 442 (M.D.N.C. 2005). Any state-law claims that are preempted must be dismissed. See, e.g., id.

    The second prong of the preemption test is satisfied unless there is an "extra element" that changes the nature of the state law action so that it is "qualitatively different from a copyright infringement claim." Berge, 104 F.3d at 1463 (quotation omitted).  A copyright infringement claim alleges, inter alia, that the defendant copied original elements of the copyrighted work or encroached upon an exclusive right conferred by the copyright.  See Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 660 (4th Cir. 1993); see also Madison River Mgmt., 351 F. Supp. 2d at 443 (citing Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir.1994)). "The exclusive rights conferred by a copyright are to reproduce the copyrighted work, prepare derivative works, distribute copies of the work, and perform or display the work publicly." Madison River Mgmt., 351 F. Supp. 2d at 443 (citing 17 U.S.C. § 106).

-4-

Here, there can be no question that the works at issue --
Plaintiff's unpublished manuscripts - fall within the subject-
matter of copyright protection.   The Copyright Act explicitly
states that the subject matter of copyright extends to any
literary works that are fixed in any tangible medium of
expression. Copyright Act § 102.   See also Berge, 104 F.3d at
1463.   Thus, claims are preempted unless they seek to vindicate
rights that are "qualitatively different" from those that are
protected by copyright infringement claims.

Plaintiff's conversion claim (Count II) alleges that, in
storing digital copies of Plaintiff's manuscripts in its
database, iParadigms has deprived  Plaintiff of her exclusive
rights to her property. Plaintiff does not claim that iParadigms
has unlawfully retained the tangible manuscripts themselves.
Instead, Plaintiff alleges that iParadigms has stored and
commercially used copies of the manuscripts on its system and
accordingly demands the purging of the copies.

It is clear on its face that the conversion claim is simply
a copyright infringement claim dressed in state-law clothing.
Indeed, the claim seeks to hold defendant liable for encroaching
on one of the exclusive rights granted by the Copyright Act --
i.e., the right to use and reproduce the copyrighted work.   See
Trandes Corp., 996 F.2d at 660.   Accordingly, as courts in this

-5-

Circuit have routinely recognized, conversion claims are preempted. See, e.g., Microstrategy, Inc. v. Netsolve, Inc., 368 F. Supp. 2d 533, 536 (E.D. Va. 2005) ("The Court grants Defendant's motion to dismiss the conversion claim because Plaintiff alleges no physical object was unlawfully retained by Defendant."); Trandes Corp., 996 F.2d at 659 (stating that allegations of "mere reproduction" are insufficient to avoid preemption by the Copyright Act); College of Charleston Foundation v. Ham, 585 F. Supp. 2d 737, 748 (D.S.C. 2008) ("Federal courts, then, have generally found that when a conversion claim encroaches upon the subject matter covered under federal copyright law, the claim is preempted and should be brought as a copyright claim."); Kindergartners Count, Inc. v. Demoulin, 171 F. Supp. 2d 1183, 1193 (D. Kan. 2001) ("[I]f the plaintiff is only seeking damages from the defendant's reproduction of a work -- and not the actual return of a physical piece of property -- the claim is preempted."); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1] at 1-57 (2010) (stating that conversion claims based on "unauthorized reproductions" are preempted).

Moreover, because Plaintiff has not alleged that iParadigms is retaining a physical object that itself belongs to the Plaintiff, dismissal of Plaintiff's conversion claim is mandated

-6-

by Fourth Circuit precedent.   See, e.g., Berge, 104 F.3d at 1463-64 (a conversion claim is preempted unless a plaintiff claims to own the object in which the intellectual property is "embod[ied]"). Here, Plaintiff does not claim that she owns the digital code in which her work is stored on the Turnitin system; instead, she claims she owns the intellectual property stored in that code, a claim that is equivalent to a copyright infringement claim and therefore preempted.

Plaintiff's replevin claim (Count I) alleges that defendant retains copies of Plaintiff's manuscripts in its database. Plaintiff asks the Court to order Defendant to purge the documents from its databases and to award damages for the detention of her work.

Like Plaintiff's conversion claim, the replevin claim complains of Defendant's use and retention of a copy of her manuscripts and thus seeks to vindicate a right that is the exclusive province of the Copyright Act. Thus, Plaintiff's replevin claim (Count I) is also preempted.

Moreover, no claim for replevin is available under Virginia law. See Virginia Code §8.01-218, "Replevin abolished" ("No action of replevin shall be hereafter brought."). Finally, Plaintiff's replevin claim would fail even if it were a recognized cause of action in Virginia because replevin seeks

-7-

recovery of a specific piece of tangible property. Here, Plaintiff seeks destruction of the digital code that is stored in defendant's databases, which is not tangible property and therefore not the proper subject of a replevin suit.

Plaintiff's unjust enrichment claim (Count III) alleges that iParadigms received a commercial benefit from the use of Plaintiff's property. Like Plaintiff's conversion claim, the unjust enrichment claim requests that the Court order iParadigms to purge the unpublished manuscripts from its databases. Because it is well settled that unjust enrichment claims based on copying are preempted by the Copyright Act, this claim should be dismissed.

According to the Complaint, the benefits received by Defendant are the copies of Plaintiff's papers that are stored in the iParadigms database as computer code. The alleged wrongful act, according to Plaintiff, is the use and reproduction of those papers, a claim that falls squarely within the protections afforded by the Copyright Act. As the courts that have considered the question have held, unjust enrichment claims based on allegations of unfair copying and use are preempted, and therefore Plaintiff's unjust enrichment claim must be dismissed. See, e.g., Microstrategy, 368 F. Supp. 2d at 537-38 (unjust enrichment claim alleging unlawful use and

-8-

retention of software preempted by the Copyright Act); Collezione Europa U.S.A., Inc. v. Hillsdale House, Ltd. 243 F. Supp. 2d 444, 450-51 (M.D.N.C. 2003) (noting that unjust enrichment claims typically survive preemption only when they allege a "quasicontractual relationship between parties"); Costar Group, Inc. v. LoopNet, Inc., 164 F. Supp. 2d 688 (D.Md.2001), aff'd, 373 F.3d 544 (4th Cir.2004); Nimmer & Nimmer, § 1.01[B][1] at 1-51 (2010) ("[A] state law cause of action for unjust enrichment . . . should be regarded as an "equivalent right" and hence, pre-empted").

For the foregoing reasons, Plaintiff's claims are pre-empted by the Copyright Act and must be dismissed, Plaintiff's Motion For Remand should be denied and Plaintiff's Motion To Strike denied.

An appropriate Order shall issue.

/s/

Claude M. Hilton
United States District Judge

Alexandria, Virginia
August 4 , 2010